UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE J. PHILLIPS (#216784)                          CIVIL ACTION

VERSUS

WARDEN BURL CAIN, ET AL.                                NO. 06-0974-A-M3

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 18th day of April, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE J. PHILLIPS (#216784)　　　　　　　　　　　　　CIVIL ACTION

VERSUS

WARDEN BURL CAIN, ET AL.　　　　　　　　　　　　　　　　NO. 06-0974-A-M3

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the parties' cross motions for summary judgment, rec.doc.nos. 12 and 14.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Michael Laborde, Antonio Whitaker, Charles Henry and Aaron Stanwood, complaining that the defendants violated his constitutional rights on March 13, 2006, through excessive force on that date.

The plaintiff moves for summary judgment, relying upon the pleadings and his assertion that he has not been provided with copies of pertinent medical records.

The defendants move for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, excerpts from the plaintiff's medical records, excerpts from the medical records of defendants Antonio Whitaker and Michael Laborde, excerpts from the Disciplinary Rules and Procedures for Adult Inmates, Department Regulation C-02-006 (relative to "Use of Force"), Health Care Policies Nos. HC-01, HC-02, HC-03 and HC-15, five (5) Unusual Occurrence Reports dated March 13, 2006, four (4) disciplinary reports dated March 13, 2006 (charging the plaintiff with "Defiance", "Aggravated Disobedience" and two counts of "Contraband/Defiance"), a narcotics laboratory test report, and the affidavits of Kim Lemaire, Dr. Johnathan Roundtree, and defendants Burl Cain, Michael Laborde, Antonio Whitaker, Charles Henry and Aaron Stanwood.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

In his original Complaint, the plaintiff alleged that on March 13, 2006, "he was beaten and assaulted after being restrained, ... having been kicked in the neck, back and arm right side, punched with fists about the body and fact, and maliciously struck about the neck and back constantly." The plaintiff further alleged that he suffered injuries in the form of a swollen hand and chin, loss of feeling in his right arm, and "multiple aches and pains to his neck, back, shoulder and other body parts". In an amended Complaint, the plaintiff asserted that this incident was precipitated by a search conducted by defendant Charles Henry on the evening of that date, during which the defendant grabbed the plaintiff about the neck and started choking him "for no reason". In response, the plaintiff broke away and ran for help, whereupon defendants Laborde and Whitaker approached and asked the plaintiff what was happening. As the plaintiff attempted to explain, defendant Whitaker punched the plaintiff in the stomach and neck, defendant Henry punched the plaintiff in the neck, and all four officers punched and kicked the plaintiff after he fell to the ground.

In response to the plaintiff's allegations, the defendants assert that on the evening of March 13, 2006, defendant Charles Henry noticed the plaintiff acting suspiciously in the prison bathroom and ordered the plaintiff to cooperate in a search of the plaintiff's person. The plaintiff was then observed placing something in his mouth, whereupon defendant Henry ordered the plaintiff to open his mouth. Instead of cooperating, the plaintiff punched defendant Henry in the chest and began to run toward the west gate of the prison. In response, defendant Henry activated his beeper, alerting other officers of the incident, and yelled to the plaintiff to stop running. Defendant

Stanwood arrived to assist defendant Henry, and defendants Whitaker and Laborde converged upon the plaintiff in response to the beeper alert and observed the plaintiff spitting something from his mouth. They then ordered the plaintiff to place his hands behind his back so that he could be restrained, but the plaintiff refused to comply. In response, defendants Whitaker and Laborde forcibly took the plaintiff to the ground and applied handcuffs. A subsequent search of the area near the incident uncovered several small damp packets which, upon being tested, were revealed to contain marijuana. The defendants contend that although they did in fact utilize force against the plaintiff on the evening of March 13, 2006, they only utilized such force as was necessary to exercise control over a potentially dangerous and recalcitrant inmate who was refusing to comply with orders given to him. They further assert that the plaintiff's injuries resulting from this incident do not support his claim of being beaten and kicked by four security officers while lying on the ground.

Initially addressing the plaintiff's motion for summary judgment, rec.doc.no. 12, the Court concludes that this motion must be denied. In this motion, the plaintiff neither presents argument nor provides evidence to support the factual assertions contained in the Complaint or his claim for relief herein. To the contrary, the motion principally complains of the defendants' alleged failure to provide the plaintiff with a copy of his medical records and with other pertinent documentation. As such, the plaintiff's motion is more in the nature of a motion to compel the production of documents and should be denied inasmuch as substantial documentation has been produced to him, both in the administrative record which has been filed into the record of this proceeding and as exhibits attached to the defendants' motion for summary judgment.

Turning to the defendants' motion for summary judgment, rec.doc.no. 14, the Court first notes that it is unclear whether the plaintiff has named the defendants herein in their individual and/or their official capacities. However, in light of the liberality accorded to the pleadings of pro se petitioners, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), this Court

construes the plaintiff's allegations as naming the defendants in <u>both</u> capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

The Court next notes that the plaintiff has named Warden Burl Cain as a defendant herein but has included no allegations whatever against this defendant in the Complaint. Pursuant to well-established legal principles, the law is clear that in order for a prison official to be held liable under § 1983, the official must have been either personally involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. <u>Lozano v. Smith</u>, 718 F.2d 756 (5th Cir. 1983). Any allegation that the defendant is responsible for the conduct of subordinate employees is alone insufficient to state a claim against them under § 1983. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specifically imposed upon him by state law. <u>Lozano v. Smith</u>, <u>supra</u>.

The plaintiff makes no allegation of any personal involvement on the part of defendant Cain in the excessive force alleged. There is no suggestion in the record that, as Warden at LSP, this defendant was either personally involved in or contemporaneously aware of any wrongful conduct by defendants Henry, Stanwood, Whitaker or Laborde on March 13, 2006. Further, although the plaintiff alleges in conclusory fashion that "there was in effect at all times pertinent to this petition

a governmental policy or authorization for the conduct of officers" and that "said officers were at all times acting consistent with the policy", he provides no information relative to the substance of any alleged wrongful policy or in what manner the policy is supposedly wrongful. In contrast, the defendants have introduced a written policy which authorizes the use of force only in certain prescribed circumstances, such as, for example, to prevent commission of a crime or to enforce institutional rules. Accordingly, on the record before the Court, in the absence of any factually specific allegations regarding the personal participation of defendant Cain in the constitutional violations alleged or regarding any specifically wrongful policy for which defendant Cain is responsible, this defendant is entitled to summary judgment in his favor, dismissing him from this proceeding.

Turning finally to the plaintiff's claim of excessive force against the remaining defendants in their individual capacities, the defendants have raised the defense of qualified immunity. The qualified immunity defense is a familiar one and operates to protect a public official who is performing a discretionary task. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As recently enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. Second, the district court must determine whether the right allegedly violated was clearly established at the time of the infraction. This inquiry, the Supreme Court stated, must be undertaken in light of the specific factual context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id.

Under the United States Constitution, force is excessive and violates the Eighth Amendment if applied maliciously and sadistically for the very purpose of causing harm rather

than in a good faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Not every malevolent action by a prison guard, however, gives rise to a federal cause of action. The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." Hudson v. McMillian, supra. While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury resulting from the use of such force. Knight v. Caldwell, 970 F.2d 1430 (5th Cir. 1992), cert. denied, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993). Factors to be considered in determining whether the use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. Hudson v. McMillian, supra.

In support of his claim that the defendants utilized constitutionally excessive force in the instant case, the plaintiff relies principally on the undisputed fact that the defendants did in fact utilize some degree of force against him on the evening of March 13, 2006. In addition, the plaintiff points to the fact that he sustained injuries in the confrontation and has been treated at the LSP infirmary for complaints of continuing soreness and numbness to his neck, right shoulder and arm. In the Court's view, however, these undisputed facts are insufficient to establish liability on the part of the defendants. Critical to the Court's determination in this regard is the plaintiff's acknowledgment that, on the referenced date, he ran from a security officer who was conducting a search, thereby creating a potentially dangerous situation which required immediate intervention, and that he was subsequently found to have been concealing marijuana in his mouth and to have attempted to dispose of same prior to being apprehended. He has provided no

affidavit or sworn statements refuting the defendants' sworn assertion that the plaintiff punched defendant Henry in the chest, that an emergency beeper was activated summoning security officers to the area, and that the plaintiff refused repeated orders by security officers to allow himself to be restrained.  He therefore unquestionably created a dangerous situation which necessitated the use of some degree of force on the date in question.  Accordingly, it appears clear to the Court that the undisputed facts disclose that the defendants' actions on the referenced date were motivated, in principal part if not entirely, not by a desire to cause the plaintiff harm but rather by the need to regain control after the plaintiff assaulted a security officer, attempted to run from the officer during a lawful search and by his refusal to obey orders to allow himself to be restrained.  It appears that the defendants were acting to restore order within the prison and to bring a boisterous, recalcitrant and potentially violent inmate under control.  Further, the medical records reflect only minor injuries and complaints of pain after the incident, including little objective symptomatology other than a "1 inch laceration superfical [sic] to rt side of chin", with no redness, bruising or discoloration noted to other parts of the plaintiff's body.  Whereas he did exhibit some limitation in his range of motion, this finding was noted to have pre-existed this incident, and the plaintiff has acknowledged that he had a pre-existing neck injury, but he contends that this condition was re-injured or aggravated during this incident.  According to the affidavit of a medical practitioner employed at the prison, however, the plaintiff's injuries are not consistent with his complaint of being beaten and kicked by four security officers and are more consistent which his being taken to the ground by security officers upon his refusal to obey orders.  Accordingly, it does not appear to this Court that a reasonable jury could conclude, on the facts before the Court, that the force utilized by the defendants was excessive in light of the situation presented.  The plaintiff, therefore, fails to state a claim of constitutional dimension relative to the alleged use of excessive force by the defendants.  Accordingly, the defendants'

motion for summary judgment should be granted, dismissing the plaintiff's claims against the defendants, with prejudice.

The plaintiff also seeks to invoke the supplemental jurisdiction of this court with regard to his claims arising under state law. District courts, however, may decline to exercise supplemental jurisdiction over a claim or claims if the claim raises a novel or complex issue of state law, if the claim substantially predominates over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, inasmuch as the Court recommends dismissal of the plaintiff's federal claims asserted herein, it is appropriate that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's "Motion for Summary Judgment", rec.doc.no. 12, be denied. It is the further recommendation of the Magistrate Judge that the defendants' Motion for Summary Judgment, rec.doc.no. 14, be granted, dismissing the plaintiff's claims against the defendants, and that this action be dismissed, without prejudice to any state law claims which the plaintiff may have.

Baton Rouge, Louisiana, this 18th day of April, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE